UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI TOOL, INC., <br>       Plaintiff, <br>     v. <br> THAD HALES, et al., <br>       Defendants. | Case No. 2:22-cv-1515-DAD-CSK <br><br> ORDER DENYING REQUEST TO SEAL <br> (ECF No. 48) |

Pending before the Court is Plaintiff Tri Tool, Inc.'s request to seal portions of documents it plans to file in connection with an anticipated motion for terminating sanctions. *See* 7/25/2024 Pl. Req. Seal (ECF No. 48); 7/25/2024 Pl. Mem. (submitted for in camera review).

Plaintiff maintains claims for, among other things, misappropriation of trade secrets, 18 U.S.C. § 1836, against Defendants Thad Hales, Mike Bracikowski, and Enerpac Tool Group Corp. (ECF No. 29.) On July 19, 2024, Plaintiff filed a motion for sanctions, which included a declaration from attorney Dylan Wiseman (ECF Nos. 45 and 45-1), and a request to seal documents for its sanctions motion (ECF No. 44). On July 24, 2024, the Court denied Plaintiff's motions without prejudice for failure to follow Local Rule 141. (ECF No. 47.) The Court noted Plaintiff failed to submit unredacted versions of five exhibits to chambers, and improperly filed redacted versions of the documents on

1

the docket before the request to seal had been approved. (*Id.*) For guidance, the Court stated that any renewed request to seal should clearly identify which portions of the documents Plaintiff seeks to have sealed, and include legal authority justifying Plaintiff's request to seal. (*Id.*)

On July 25, 2024, Plaintiff filed a renewed request to seal portions of its anticipated motion for terminating sanctions. *See* 7/25/2024 Pl. Req. Seal; 7/25/2024 Pl. Mem. (submitted for in camera review). Plaintiff sent unredacted versions of the documents to chambers for review, except for the same five exhibits which were resubmitted in redacted form. 7/25/2024 Pl. Mot. Sanct.; 7/25/2024 Wiseman Decl. (submitted for in camera review). The Court ordered Defendant Enerpac to submit an opposition or statement of non-opposition to the motion to seal and also requested unredacted versions of the five exhibits if any party possessed them. (ECF No. 50.) Defendant Enerpac submitted a statement of non-opposition directly to chambers, and no party provided unredacted versions of the five exhibits. (ECF No. 52.)

Courts recognize "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 597 (1978). Thus, courts in the Ninth Circuit "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When a request to seal is tied to a "dispositive" motion, i.e., a motion that is "more than tangentially related to the merits of a case, the legal standard used is a "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Here, because terminating sanctions are dispositive of a party's claim or defense, the compelling reasons standard applies. *See Keating v. Jastremski*, 2020 WL 1813549, at *2 (S.D. Cal. Apr. 9, 2020) (utilizing compelling reasons standard for request to seal related to motion for terminating sanctions because the substantive motion was "more than tangentially related to the merits of this case" and so "counsels against applying the good cause standard"); *Charles v. Target Corp.*, 2022 WL 3205047, at *3 (N.D. Cal. July 6, 2022) (applying

2

compelling reasons standard to motion for spoliation sanctions).

To decide whether the party requesting to seal has carried its burden under the compelling reasons standard, the court balances the reasons for secrecy with the public's interests in disclosure. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). The court cannot rely on "hypothesis or conjecture" nor on assertions that merely cite a general category of privilege. *Id.* at 1184. Instead, a party that wishes to keep its documents secret must point out a "specific linkage" between its interests in secrecy and those documents. *Id.* at 1182, 1184 ("[C]onclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents.").

Here, Plaintiff's request is specific in the portions of the two documents it wishes to file in redacted form on the public docket. 7/25/2024 Pl. Req. Seal. Plaintiff identifies seven segments of its anticipated motion for terminating sanctions; four paragraphs in the anticipated declaration of Dylan Wiseman; substantial portions of Exhibits 3-7; and nine identical paragraphs in Exhibit 13. *Id.* at 2-3. As to why it seeks sealing, Plaintiff cites the parties' stipulated protective order (ECF No. 22), general principles of "confidential and proprietary information," and the "attorney-client privilege and attorney work product doctrine." *Id.* at 3.

Plaintiff's memorandum in support of its request to seal cites the same documents and principles, and makes the following argument:

> A party's reasons are deemed compelling when the judicial record might become "a vehicle for improper purposes" including a "release of trade secrets." [*Kamakana*, 447 F.3d 1172, 1179 (9th Cir. 2006)] (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Where a filing contains confidential business information, the disclosure of which would create the risk of competitive injury, there is a compelling reason sufficient to justify sealing that information. *Apple, Inc. v. Psystar Corp*, 658 F.3d 1150, 1161-62 (9th Cir. 2011) (finding that releasing confidential information would cause injury, and sealing the record to prevent such injury); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2006) (finding the same); *Karl Storz Endoscopy-America, Inc. v. Stryker Corp.*[,] 2016 WL 2855260, at *9-10 (N.D. Cal. May 13, 2016); *Berlanga v. Polaris Indus., Inc.*[,]

> 2023 WL 2752483, *1 (E.D. Cal. Mar. 31, 2023) (citing E.D. Cal. L.R. 140(b) (stating that redaction is also appropriate to protect "proprietary or trade secret information."). Further, attorney-client privilege and the work-product doctrine are sufficient justifications for sealing. *In re Hewlett-Packard Co. Shareholder Derivative Litig.*, 716 Fed. App'x. 603, 609 (9th Cir. 2017).

7/25/2024 Pl. Mem. at 3-4. Plaintiff concludes the redacted portions of the proposed filings "fall[] within the well-recognized exceptions to the general right of access to judicial records and documents for confidential business information" because they have been designated by Plaintiff as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," citing generalized confidentiality principles and "the attorney-client privilege and work product doctrine." *Id.* This is the extent of Plaintiff's analysis. *See id.*

As an initial matter, no party to the case has unredacted versions of Exhibits 3-7 of the Wiseman declaration, and therefore, Plaintiff has no option but to file the redacted versions of these exhibits. (*See* ECF No. 50.) As a result, Plaintiff's request to seal as to Exhibits 3-7 is denied as moot because the Court cannot grant a request to seal already redacted documents that the Court cannot evaluate.

As to the remaining portions of Plaintiff's request to seal, Plaintiff does not sufficiently meet the compelling reasons standard. First, Plaintiff makes no effort to describe why any of the redacted portions contain protectable trade secret information. In reviewing the unredacted versions of the anticipated motion and Wiseman Declaration, the Court notes the only portions that arguably relate to Plaintiff's trade secret claims is the statement at 7:7-10 of the forthcoming motion for sanctions, as repeated in the nine redacted paragraphs of Exhibit 13 of the Wiseman Declaration. 7/25/2024 Pl. Mot. Sanct., 7/25/2024 Wiseman Decl. However, these statements do not appear to contain any trade secret information, but are merely a portion of Defendant Enerpac's response to Plaintiff's discovery requests concerning the fact of its possession of electronically stored information. Thus, Plaintiff's request fails. *See Kamakana*, 447 F.3d at 1184 ("The mere fact that the production of records may lead to a litigant's

embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."); *Berlanga*, 2023 WL 3168514, at *2 (denying renewed request to seal for failure to meet compelling reasons standard where parties failed to explain why alleged information was protectable as trade secret).

Second, a majority of the information Plaintiff seeks to redact appears based on Plaintiff's attorney-client and work product arguments. *See* 7/25/2024 Pl. Mot. Sanct., 7/25/2024 Wiseman Decl. However, Plaintiff makes no effort to explain why the attorney-client privilege and work product doctrine apply to the redacted lines in the anticipated motion for sanctions and paragraphs 6-9 of the Wiseman declaration. *See Kamakana*, 447 F.3d at 1184 (stating that the court cannot rely on "hypothesis or conjecture" or assertions that merely cite a general category of privilege).

Third, the Court notes that much of the information contained in the portions Plaintiff seeks to redact appear in <u>unredacted form</u> in other places in the anticipated motion and Wiseman Declaration. *See, e.g.,* 7/25/2024 Pl. Req. Seal at 2:11-28 (disclosing information about the fact of an attorney-client relationship), 5:10-13 (same); 7/25/2024 Wiseman Decl. at 2 (same), 4:12-15 (disclosing the same information as in the proposed redactions in the nine paragraphs of Exhibit 13), 35 (disclosing name of counsel that was redacted in the request to seal at 8:4). Thus, Plaintiff's request to seal fails because it requests to seal the same information disclosed to the public elsewhere. *See Kamakana*, 447 F.3d at 1184 ("[C]onclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents.").

**ORDER**

As to Exhibits 3-7 of the Wiseman declaration, Plaintiff's request to seal is denied as moot because the only version of these exhibits that Plaintiff and Defendants have is the redacted version. (*See* ECF No. 50.) Plaintiff may therefore file Exhibits 3-7 in their redacted form. For the reasons stated above, the remainder of Plaintiff's request to seal (ECF No. 48) is denied without prejudice.

/ / /

Dated: August 7, 2024

                                                 _____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

3, trit.1515