UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI TOOL, INC., | Case No. 2:22-cv-01515-DAD-CSK |
| Plaintiff, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |
| THAD HALES, et al., | |
| Defendants. | (ECF No. 69) |

Plaintiff Tri Tool, Inc. moves to compel Defendant Enerpac Tool Group Corp. ("Enerpac")[1] to respond to Plaintiff's requests for production of documents.[2] Pl. Mot. Compel (ECF No. 69). Pursuant to Local Rule 251(a), the parties filed a notice of motion compelling discovery concurrently with their Joint Statement re Discovery Disagreement. *See* E.D. Cal. L.R. 251(a); ECF No. 69. On December 17, 2024, the Court held an in-person hearing. Attorney Philip Chan appeared for Plaintiff, and attorney James Carter appeared for Defendant Enerpac. For the reasons that follow, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's motion to compel.

///

---

[1]  There are three Defendants in this case: Thad Hales, Mike Bracikowski, and Enerpac Tool Group Corp. Only Defendant Enerpac is the subject of this motion to compel.

[2]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(1).

1

## I. BACKGROUND

### A. Facts

Plaintiff filed its complaint on August 29, 2022, which raised the following claims: (1) misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA") against all Defendants; (2) intentional interference with prospective economic relations against all Defendants; (3) breach of contract against Defendants Hales and Bracikowski; (4) breach of the duty of loyalty against Defendants Hales and Bracikowski; (5) violation of Penal Code § 496 against all Defendants; and (5) unfair competition under California Business and Professions Code §§ 17200, et seq. against all Defendants. (ECF No. 1.) Plaintiff alleges that two of its former employees, Defendants Hales and Bracikowski, took hard drives from two computers and copied files onto an external hard drive, and then went to work for Defendant Enerpac. Joint Statement (ECF No. 69-1 at 2). Defendants Hales and Bracikowski previously worked in Plaintiff's on-site services, product sales, and equipment rentals department. *Id.* Plaintiff alleges that Defendants Hales and Bracikowski used this stolen information to benefit Defendant Enerpac and harm Plaintiff, and that Defendant Enerpac is benefitting from Plaintiff's trade secrets. *Id.* Plaintiff also alleges that Defendants Hales and Bracikowski solicited Plaintiff's clients using this information. *Id.* After learning about the lawsuit, Defendant Enerpac fired Defendants Hales and Bracikowski. *Id.* Plaintiff identified a loss of sales revenue for eleven accounts that it attributes to the information from the stolen hard drives. *Id.* Defendant Enerpac alleges that these accounts are not connected to Plaintiff's trade secret claim. *Id.*

On October 30, 2023, the Court granted Defendant Enerpac's motion to dismiss in part, granting the motion with leave to amend regarding Plaintiff's claims of unfair competition under California Business and Professions Code §§ 17200 *et seq.*; intentional interference with prospective economic relations; breach of contract; breach of duty of loyalty; and violation of California Penal Code § 496(c). 10/27/2023 Order (ECF No. 28). The Court denied Defendant Enerpac's motion to dismiss regarding

Plaintiff's claim of misappropriation of trade secrets under the DTSA, 18 U.S.C. § 1836. *Id.* Plaintiff's filed a first amended complaint (FAC) on November 9, 2023, asserting all the same causes of action except for the violation of the California Penal Code against all Defendants. (ECF No. 29). On August 16, 2024, Defendant Enerpac filed a document labeled as a "motion to strike" Plaintiff's FAC. Def. Mot. to Strike (ECF No. 54). However, this is actually a motion to dismiss portions of Plaintiff's FAC. (*See id.*) Defendant Enerpac is moving to dismiss Plaintiff's second and fifth causes of action for intentional interference with prospective economic relations and unfair competition under California Business and Professions Code §§ 17200, et seq. as either preempted under the California Uniform Trade Secret Act ("CUTSA") or for lack of supplemental jurisdiction. (*See id.* at 11.) This motion is currently pending before the District Judge.

### B. Events Relevant to the Discovery Dispute

On May 30, 2023, Plaintiff served discovery on Defendant Enerpac, seeking information on the eleven accounts Plaintiff identified as losing sales. Joint Statement at 3. Defendant Enerpac objected to the discovery and refused to provide any information. *Id.* On October 25, 2023, Plaintiff filed a notice of motion and motion to compel with the Court. *Id.*; ECF No. 26; *see* ECF No. 30. On November 29, 2023, the Court granted this motion to compel in part. 11/29/2023 Order (ECF No. 34). From the information learned through this discovery, Plaintiff served requests for production of documents (RFPs) Set Three on Defendant Enerpac that were tailored to five of the original eleven accounts. Joint Statement at 3. Defendant Enerpac agreed to some of the RFPs but objected to others. *Id.* at 4.

On May 1, 2024, the parties met and conferred to discuss Defendant Enerpac's responses. *Id.* In response to Defendant Enerpac's concerns about producing information about a market segment in which it does not compete with Plaintiff, Plaintiff agreed to identify applicable market segments for each customer. *Id.* On May 13, 2024, Plaintiff's counsel emailed Defendant Enerpac's counsel memorializing the discussions and requested supplemental responses from Defendant Enerpac by May 24, 2024. *Id.*

On May 29, 2024, Defendant Enerpac's counsel emailed Plaintiff's counsel refusing to provide supplemental responses to Plaintiff's narrowed requests and stating that the narrowed requests did not accurately reflect the parties' prior discussion. *Id.* at 5.

On December 5, 2024, Plaintiff filed a motion to compel Defendant Enerpac to produce documents in response to Plaintiff's RFPs Set Three. *See* Pl. Mot. Compel. Prior to filing the motion, Plaintiff requested to seal portions of the documents. (ECF No. 65.) The Court granted in part the request to seal. (ECF No. 68.)

### C.    Requests for Production at Issue

Plaintiff's Requests for Production Numbers 8-18 are at issue, and are reproduced here. Declaration of Dylan W. Wiseman, Exh. 1 (ECF No. 69-2 at 6-8).

**REQUEST FOR PRODUCTION NO. 8:**
Please produce all DOCUMENTS RELATING TO YOUR pricing for each of YOUR services and products that YOU performed or sold to the following companies from 2018 to the present (as identified in YOUR supplemental Responses to Plaintiff's Second Set of Special Interrogatories dated December 20, 2023): [company names sealed]

**REQUEST FOR PRODUCTION NO. 9:**
Please produce all COMMUNICATIONS between Defendant Thad Hales and the following companies: [company names sealed]

**REQUEST FOR PRODUCTION NO. 10:**
Please produce all COMMUNICATIONS between Defendant Mike Bracikowski and the following companies: [company names sealed]

**REQUEST FOR PRODUCTION NO. 11:**
Please produce all DOCUMENTS RELATING TO any of YOUR pricing variances for YOUR services and products performed for or sold to the following companies from 2018 to the present: [company names sealed]

**REQUEST FOR PRODUCTION NO. 12:**
Please produce all of YOUR invoices (which show YOUR pricing) for YOUR services and products performed for or sold to the following companies from 2018 to the present: [company names sealed]

**REQUEST FOR PRODUCTION NO. 13:**
Please produce all credit checks and/or reports initiated by YOU for the following companies from 2018 to the present: [company names sealed]

**REQUEST FOR PRODUCTION NO. 14:**
Please produce all DOCUMENTS RELATING TO any commissions attributable to Defendant Thad Hales's work performed for YOU or on YOUR behalf.

**REQUEST FOR PRODUCTION NO. 15:**
Please produce all DOCUMENTS RELATING TO any commissions attributable to Defendant Mike Bracikowski's work performed for YOU or on YOUR behalf.

**REQUEST FOR PRODUCTION NO. 16:**
Please produce all DOCUMENTS RELATING TO any assignment of the accounts or clients with which Defendant Thad Hales worked.

**REQUEST FOR PRODUCTION NO. 17:**
Please produce all DOCUMENTS RELATING TO any assignment of the accounts or clients with which Defendant Mike Bracikowski worked.

**REQUEST FOR PRODUCTION NO. 18:**
Please produce all DOCUMENTS YOU relied upon to prepare YOUR December 20, 2023 Supplemental Responses to Plaintiff Tri Tool, Inc.'s Second Set of Special Interrogatories.

## II.     LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

A party may serve requests to produce documents in the responding party's possession, custody, or control, including designated documents, electronically stored information, or other writings. Fed. R. Civ. P. 34(a)(1). A requesting party is entitled to production of documents within a responding party's possession, custody, or control, regardless of whether the requesting party possesses the same documents. Fed. R. Civ. P. 34(a). The responding party must respond in writing within thirty (30) days, unless otherwise agreed upon or ordered, after being served. Fed. R. Civ. P. 34(b)(2). If a responding party objects, the objection "must state whether any responsive materials are

being withheld on the basis of that objection[, and] an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

A party may move to compel discovery if the movant has in good faith conferred with the party opposing discovery to obtain the requested discovery without the court's intervention. *See* Fed. R. Civ. P. 37(a)(1). The moving party bears the burden to "inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious." *Adams v. Yates*, 2013 WL 5924983, at *1 (E.D. Cal. Nov. 1, 2013). Local Rule 251 governs motions to compel and requires the parties to confer and attempt to resolve their discovery differences.

If a court grants the motion to compel, then the court must order the party "whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not award expenses if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; "the opposing party's nondisclosure, response, or objection was substantially justified"; or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The burden is on the losing party to prove that its position was substantially justified. *See R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012).

**III.   DISCUSSION**

The FAC raises the following claims: (1) misappropriation of trade secrets under the DTSA against all Defendants; (2) intentional interference with prospective economic relations against all Defendants; (3) breach of contract against Defendants Hales and Bracikowski; (4) breach of the duty of loyalty against Defendants Hales and Bracikowski; and (5) unfair competition under California Business and Professions Code §§ 17200, et seq. against all Defendants.

"The discovery process in theory should be cooperative and largely unsupervised by the district court. But when required disclosures aren't made or cooperation breaks

down, Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosures or discovery." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018).

### A. Trade Secret Designation

Defendant Enerpac argues that Plaintiff has not identified its trade secrets with "reasonable particularity" under California Code of Civil Procedure section 2019.210 as required to commence discovery. Joint Statement at 11. In denying Defendant Enerpac's motion to dismiss the DTSA claim, the Court found that Plaintiff sufficiently stated a trade secrets misappropriation claim under the DTSA. *See* 10/27/2023 Order at 6-16; *see also Skye Orthobiologics, LLC v. CTM Biomedical, LLC*, 2021 WL 6102432, at * 8 (C.D. Cal. Aug. 27, 2021) (denying defendants' request for discovery sequencing in part because plaintiffs sufficiently pled their trade secrets in their complaint). The Court also noted in its order that Plaintiff only brings its trade secret claim under the DTSA, not under the California Uniform Trade Secret Act. *See* 10/27/2023 Order at 16.

California Code of Civil Procedure section 2019.210 provides that:

> In any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act (Title 5 (commencing with Section 3426) of Part 1 of Division 4 of the Civil Code), before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity subject to any orders that may be appropriate under Section 3426.5 of the [California] Civil Code.

However, the DTSA does not have this same sequencing requirement. *Picture Shop, LLC v. Shaw Inc.*, 2024 WL 2106747, at *2 (C.D. Cal. Apr. 5, 2024) (citing *Blockchain Innovation, LLC v. Franklin Res., Inc.*, 2023 WL 4045234, at *1 (N.D. Cal. June 15, 2023)). "DTSA is intended to provide a single, national standard for trade secret misappropriation with clear rules and predictability for everyone involved." *Blockchain*, 2023 WL 4045234, at *1 (quoting *Adams Arms, LLC v. Unified Weapon Sys.*, 2016 WL 5391394, at *5 (M.D. Fla. Sept. 27, 2016)). "In furtherance of its aim to establish a uniform federal scheme for trade secret litigation, DTSA is notable for what it does not

require." *Id.* (quoting *Yeiser Research & Dev., LLC v. Teknor Apex Co.*, 2019 WL 2177658, at *4 (S.D. Cal. May 20, 2019)). The DTSA does not require a heightened pleading standard, "[n]or do DTSA's express provisions regarding civil proceedings incorporate any discovery procedure analogous to certain state law statutory requirements in trade secrets cases that require a plaintiff to first disclose trade secrets before being able to receive discovery from the defendant." *Yeiser*, 2019 WL 2177658, at *4.

Courts have observed that the absence of such requirements "support[s] the inference that a plaintiff whose DTSA claims proceed past the pleading stage is entitled to discovery in accordance with the general discovery rules set forth in Federal Rule of Civil Procedure 26." *Blockchain*, 2023 WL 4045234, at *1 (quoting *Yeiser*, 2019 WL 2177658, at *4); *see also Skye Orthobiologics, LLC*, 2021 WL 6102432, at *7. "Under Rule 26, '[u]nless the parties stipulate or the court orders otherwise . . . discovery by one party does not require any other party to delay its discovery,' Fed. R. Civ. Proc. 26(d)(3)(B), meaning that [waiting to engage in discovery about trade secrets until the trade secrets are disclosed] is presumptively barred." *Blockchain*, 2023 WL 4045234, at *1.

Here, Plaintiff has not brought a claim under the California Uniform Trade Secret Act. *See* FAC. Rather, Plaintiff alleges a trade secret violation under DTSA, a federal statute. *Id.* The plain language of CCP § 2019.210 limits its applicability to claims brought under the California Uniform Trade Secret Act. *Picture Shop*, 2024 WL 2106747, at *2-3. While Plaintiff states they have provided a statement under section 2019.210, this is not required. At the hearing, Defendant conceded that they did not cite any legal authority demonstrating that a party is required to comply CCP § 2019.210 when the party only brings a DTSA claim, and not a California Uniform Trade Secret Act claim.

The Court therefore turns to whether Plaintiff has sufficiently identified its trade secrets under the DTSA. Under DTSA, a plaintiff must "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge

in the trade or of special persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." *Vendavo, Inc. v. Price f(x) AG*, 2018 WL 1456697, at *4 (N.D. Cal. Mar. 23, 2018) (citation omitted). In denying Defendant's motion to dismiss the trade secrets misappropriation claim under the DTSA, the district court already held that Plaintiff sufficiently identified its trade secrets in the Complaint. 10/27/2023 Order at 6-16. Where Plaintiff's allegations of its trade secrets in the FAC are substantially similar to its allegations in the Complaint that were already held to be sufficiently pled, *see* FAC and 10/27/2023 Order at 6-16, Plaintiff has sufficiently identified its trade secrets under the DTSA.

### B. Plaintiff's Requests for Production Nos. 8-18

The Court first addresses general arguments before turning to the individual RFPs at issue.

#### 1. Timing of Discovery

Defendant Enerpac objects to RFP Nos. 8-18 as premature pending the outcome of its motion to dismiss and the entry of a scheduling order. While the parties may agree before the entry of a scheduling order to delay discovery, Plaintiff's discovery requests in this action are not premature because there is no claim that the parties have not conducted their required Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1). In addition, this action was filed in August 2022, and there has already been significant motion practice in this case, including a motion to compel filed in October 2023 (ECF No. 26).

#### 2. Date Range

Defendant Enerpac objects to RFP Nos. 8-18 on the grounds that the 2018 to present date range is overbroad. While this date range aligns with the Court's prior discovery order regarding Plaintiff's interrogatories, which granted discovery from 2018 to the present, *see* 11/29/2023 Order, the Court modifies the date range for production of documents by Enerpac based on the arguments provided at the hearing. At the hearing, Plaintiff confirmed that the FAC's allegations of misconduct begin in August 2021 and argued that the production of documents before this time period was relevant

to determine whether Defendant Enerpac's conduct changed after the alleged misconduct by comparing information before August 2021. Plaintiff agreed that a limitation to documents from January 1, 2020, rather than from 2018, was a reasonable modification of its request. The Court therefore orders that to the extent a date range is provided in Plaintiff's RFPs (*see* RFP Nos. 8, 11, 12, and 13), the date range is modified to require production of documents from January 1, 2020 to the present.

### 3. Privilege

Defendant also objects to RFP Nos. 8-18 on the grounds that responses would include confidential information, attorney work product, and information protected by attorney client privilege. Objections on the basis of trade secret and privacy do not completely bar discovery of protected material, however a balancing between the needs of the party seeking discovery with the burden of production is required. *Kitsinian v. Manoukian*, 2018 WL 6265004, at *6 (C.D. Cal. Mar. 15, 2018) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 606 (N.D. Cal. 1995)). The parties have a stipulated protective order in place that includes "attorneys' eyes only" provisions (ECF No. 22), which can mitigate any privacy concerns about any information produced. *See Kitsinian*, 2018 WL 6265004, at *6. To the extent Defendant Enerpac feels the responsive documents are protected by attorney-client privilege or work-product doctrine, Defendant Enerpac should serve a privilege log with its responses. *See id.* The parties are reminded to meet and confer regarding privilege logs. Any objections to the RFPs on this ground is denied.

### 4. RFP Nos. 8, 11, 12, 13: Pricing and Credit Checks

Overall, Plaintiff argues that its discovery requests narrowly focused on the five accounts whose business declined or disappeared around the time Defendants Hales and Bracikowski left the company. Joint Statement at 8. Plaintiff also argues that Defendant Hales admitted to using the stolen information for Defendant Enerpac's benefit based on his failure to respond to Plaintiff's RFAs. *Id.* at 3, 8. In its requests, Plaintiff is seeking information regarding whether Defendants Hales and Braikowski profited off of Plaintiff's trade secrets and whether Defendant Enerpac continues to

10

profit. *Id.* Plaintiff further argues that the "pricing, pricing variances, and invoice documents" would demonstrate whether Defendant Enerpac used Plaintiff's trade secrets to "usurp these customers." *Id.* at 9.

    Defendant Enerpac argues that RFP Nos. 8, 11, 12, and 13 are overbroad because they seek "all DOCUMENTS RELATING TO" Defendant Enerpac's services and products for the five customers without any tailoring to misappropriation of trade secrets or claims in the complaint. Joint Statement at 12-13. Defendant Enerpac also argues that the RFPs will not lead to relevant evidence and are not proportionate to the needs of the case because there is no relationship between the customers and Defendants Hales and Bracikowski. *Id.* at 13. Further, Defendant Enerpac contends that it has a long standing relationships with the five customers, and most of the products rented or sold to these customers and services provided, are not competitive with Plaintiff. *Id.* at 13.

    The Court finds RFP Nos. 8, 11, 12, and 13 to be relevant to Plaintiff's claims. Plaintiff alleges a trade secret related to "costing and quoting for preparing bids." *Id.* at 9. Pricing and pricing variances are relevant to Plaintiff's trade secret. The parties indicate in their Joint Statement, however, that these requests can be further modified to identify the applicable market segments for each customer to address Defendant Enerpac's concerns that it would be producing documents about a market segment in which it does not compete with Plaintiff. Joint Statement at 3, 4. The Court concludes that this is a reasonable modification to tailor Plaintiff's RFPs to its claims and the needs of this case. The Court orders Plaintiff to modify RFP Nos. 8, 11, and 12 to limit the time period from January 1, 2020 to the present and to identify applicable market segments in which it competes with Defendant.

    Regarding RFP No. 13, Plaintiff will modify RFP No. 13 to limit the time period from January 1, 2020 to the present and to clarify that if credit checks and/or reports initiated by Defendant Enerpac are broken out by market segment, Defendant is to produce the credit checks and/or reports for the applicable market segments in which

Plaintiff competes with Defendant.

### 5. RFP Nos. 9 and 10: Defendants Hales and Bracikowski Communications

Defendant Enerpac argues that it responded to RFP Nos. 9 and 10 in a proportionate manner by providing all communications that Defendant Hales and Bracikowski *sent* to the five customers at issue. Joint Statement at 15. The Court rejects Defendant's argument and holds that these requests are relevant and proportional to the needs of this case. At the hearing, Defendant conceded that Defendant Hales and Bracikowski were Enerpac employees for a brief period, beginning in approximately May 2022 and ending in 2022 after this lawsuit was filed. This makes the universe of potentially responsive communications relatively small given Defendant Hales and Bracikowski's short tenure at Enerpac. To the extent Defendant identifies communications that are responsive, but are not relevant to the claims and issues in this lawsuit, defense counsel will meet and confer with Plaintiff's counsel to resolve the issue (e.g., provide sample emails to Plaintiff's outside counsel under a Highly Confidential – AEO designation, etc.). Defendant Enerpac is ordered to supplement its production and produce documents responsive to RFP Nos. 9 and 10.

### 6. RFP Nos. 14-17: Commissions and Account Assignments

Defendant Enerpac argues that RFP Nos. 14 through 17 seeking all "DOCUMENTS RELATING TO" commissions and assignment of accounts or clients for Defendants Hales and/or Bracikowski seek documents that are not related to whether they took or used Plaintiff's trade secrets. Joint Statement at 14. Defendant Enerpac also objected on the ground that it had already told Plaintiff that there were no documents related to Defendants Hales and Bracikowski's efforts to independently bring and secure new work for Defendant Enerpac. Wiseman Decl., Exh. 2 at 26, 27, 29, 30.

The Court holds that these requests are relevant and proportional to the needs of this case. Defendant Enerpac is ordered to respond to and produce documents responsive to RFP Nos. 14-17. If Defendant does not have responsive documents, their

response will so indicate.

**7.     RFP No. 18:  Documents for Supplemental Interrogatory Responses**

RFP No. 18 seeks documents Defendant Enerpac relied on to prepare its December 20, 2023 Supplemental Reponses to Plaintiff's Second Set of Special Interrogatories. Plaintiff agreed that if it sought such records, it would not object to Defendant Enerpac serving a similar RFP on Plaintiff and that Plaintiff would have to produce such documents. Defendant Enerpac likewise agreed that it would like to obtain such records when it serves discovery requests on Plaintiff. The Court therefore grants Plaintiff's motion to compel Defendant to produce documents responsive to RFP No. 18, and finds that this request is relevant and proportional to the needs of this case. If Defendant Enerpac serves a similar discovery request, Plaintiff will be required to produce responsive documents.

**C.     Rule 37 Expenses**

Both parties have requested monetary sanctions against the other pursuant to Rule 37. *See* Joint Statement at 10, 15-16. If a court grants a motion to compel in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). The Court finds sanctions are not appropriate for Plaintiff's motion to compel. *See HM Electronics, Inc. v. R.F. Technologies, Inc.*, 2014 WL 3014660, at *11 (S.D. Cal. July 3, 2014).

**ORDER**

As discussed above, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's motion to compel, and ORDERS:

1.   Plaintiff must modify RFP Nos. 8, 11, 12, and 13 as described above. Plaintiff's motion to compel Defendant Enerpac's production of documents responsive to Plaintiff's RFPs No. 8, 11, 12, and 13 is therefore GRANTED IN PART AND DENIED IN PART.

2.   Plaintiff's motion to compel Defendant Enerpac's production of documents

responsive to Plaintiff's RFP Nos. 9-10, and 14-18 is GRANTED.

3. Within thirty (30) days of receiving Plaintiff's modified RFP Nos. 8, 11, 12, and 13, Defendant Enerpac shall produce documents responsive to Plaintiff's RFP Nos. 8 (modified), 9, 10, 11 (modified), 12 (modified), 13 (modified), and 14-18.

Dated:  December 23, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, trit.1515.24