UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI TOOL, INC., <br><br> Plaintiff, <br><br> v. <br><br> THAD HALES, et al., <br><br> Defendants. | Case No. 2:22-cv-01515-DAD-CSK <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS <br><br> (ECF No. 55) |

Plaintiff Tri Tool, Inc. moves for sanctions against Defendant Enerpac Tool Group Corp. pursuant to Federal Rule of Civil Procedure 37(c).[1] Pl. Mot. (ECF No. 55). On January 21, 2025, the Court held an in-person hearing. Attorney Dylan Wiseman appeared for Plaintiff, and attorney James Carter appeared for Defendant Enerpac.[2] Having considered the briefing and arguments, and for the reasons that follow, the Court DENIES Plaintiff's motion for sanctions without prejudice. Plaintiff may elect to file a motion for sanctions against its former manager employees, Defendants Thad Hales and Mike Bracikowski, a motion to compel these individuals, or renew its motion against

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(1).

[2]  Defendant Mike Bracikowski contacted court staff to inquire about attending the hearing. In order to enable Mr. Bracikowski to attend the hearing remotely by telephone, the Court opened a phone line for him. Mr. Bracikowski did not, however, attend the hearing. (ECF No. 76.)

Enerpac if Plaintiff uncovers new information or evidence.

I.     BACKGROUND

Plaintiff Tri Tool alleges that two of its former manager employees, Defendants Hales and Bracikowski, stole its trade secrets while they were Tri Tool employees and then in May 2022, left Tri Tool and went to work for Defendant Enerpac. While Hales was a Tri Tool employee, he allegedly stole a hard drive from a Tri Tool computer, copied Tri Tool files onto a different external hard drive, and took this external drive. Also while Bracikowski was a Tri Tool employee, he allegedly copied Tri Tool files onto multiple external hard drives and took these external drives. Plaintiff further alleges that Hales and Bracikowski used this stolen information to benefit Enerpac and harm Plaintiff, and that Enerpac is benefitting from Plaintiff's trade secrets.

Plaintiff filed suit on August 29, 2022. (ECF No. 1.) After an internal investigation revealed that Hales and Bracikowski emailed Tri Tool documents to themselves, Defendant Enerpac terminated them on October 7, 2022. Def. Opp'n at 8 (ECF No. 59). Though Enerpac had retained separate counsel for Hales and Bracikowski shortly after this action was filed, separate counsel Theodora Oringher, P.C. withdrew their representation after Hales and Bracikowski were terminated.

The First Amended Complaint (FAC) is the operative complaint and raises the following claims: (1) misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA") against all Defendants; (2) intentional interference with prospective economic relations against all Defendants; (3) breach of contract against Defendants Hales and Bracikowski; (4) breach of the duty of loyalty against Defendants Hales and Bracikowski; and (5) unfair competition under California Business and Professions Code §§ 17200, et seq. against all Defendants.[3] (ECF No. 29.)

On February 15, 2024, Plaintiff served demands for inspection of tangible things on all Defendants. Pl. Mot. at 5. Defendants Hales and Bracikowski did not respond, and

---

[3] Defendant Enerpac's partial motion to dismiss Plaintiff's second and fifth causes of action in the FAC is currently pending before the District Judge. (ECF No. 54.)

Enerpac responded that it did not have and never had possession, custody or control of the devices. *Id*. On February 16, 2024, Plaintiff served a document subpoena on Theodora Oringher, who responded that they did not have a litigation hold document issued to Hales and Bracikowski or forensic images of the hard drives allegedly taken by Hales and Bracikowski. *Id*.; Declaration of Dylan W. Wiseman, Exh. 1 (ECF No. 55-1).

On August 28, 2024, Plaintiff filed the instant motion for spoliation sanctions against Defendant Enerpac for failing to preserve Defendants Hales's and Bracikowski's hard drives and files that they took from Tri Tool. Plaintiff seeks terminating sanctions, or alternatively, an adverse inference against Enerpac. Enerpac filed an opposition and Tri Tool filed a reply. (ECF Nos. 59, 61.) At the January 21, 2025 hearing, the Court ordered Defendant Enerpac to submit a supplemental brief focused on two issues, which Enerpac timely filed on January 28, 2025. (ECF No. 77.)

Plaintiff filed a sur reply without leave of Court on January 28, 2025, responding to arguments raised in Enerpac's opposition and providing a copy of Plaintiff's forensic report regarding files copied by Bracikowski, an issue raised in Plaintiff's motion. (ECF No. 78.) This is impermissible. Plaintiff offers no explanation for why it did not previously submit this information to the Court, including in its motion that raised its forensic report or in its reply responding to Enerpac's opposition. Critically, at the hearing, the Court expressly declined Plaintiff's request for supplemental information regarding Enerpac's argument that Plaintiff declined Enerpac's offer to provide the Tri Tool documents found in Hales's and Bracikowski's Enerpac emails. This argument was raised in Enerpac's opposition and the declaration of Jonathan P. Schmidt (*see* Def. Opp'n at 16 and Schmidt Decl. ¶ 7 (ECF No. 59-1)). Plaintiff had the opportunity to respond to this argument in its reply, and elected not to. The Court therefore declines to consider Plaintiff's sur reply filed without leave of Court.

## II. DISCUSSION

### A. Legal Standards

Spoliation of evidence is the "destruction or significant alteration of evidence, or

the failure to preserve property for another's use as evidence, in pending or future litigation." *Kearney v. Foley & Lardner, LLP,* 590 F.3d 638, 649 (9th Cir. 2009) (citation omitted). Federal Rule of Civil Procedure 37 authorizes the Court to issue sanctions for spoliation of electronically stored information ("ESI"). Fed. R. Civ. P. 37(e). In order to determine whether sanctions should be awarded, the court must first determine whether spoliation occurred. *Akkawi v. Sadr*, 2023 WL 6541869, at *1 (E.D. Cal. Oct. 6, 2023). As an initial matter, the party seeking spoliation must demonstrate that the evidence actually existed and was not preserved. *Tate v. Nakashyan*, 2024 WL 4931406, at *4 (E.D. Cal. Dec. 2, 2024).

Courts then consider the following factors to determine whether spoliation occurred: (1) the relevant ESI "should have been preserved" in anticipation of litigation; (2) the ESI is "lost because a party failed to take reasonable steps to preserve it"; and (3) the ESI "cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e); *see Deerpoint Group, Inc. v. Agrigenix, LLC*, 2022 WL 16551632, at *11 (E.D. Cal. Oct. 31, 2022). It is the moving party's burden to demonstrate that spoliation occurred by showing that the non-moving party failed to preserve or destroyed documents that they had notice were relevant to litigation before destruction. *Deerpoint*, 2022 WL 16551632 at *11; *Ryan v. Editions Ltd. West, Inc.*, 786 F.3d 754, 766 (9th Cir. 2015).

**B.    Analysis**

Plaintiff has not carried its initial burden of establishing that the allegedly stolen Tri Tool hard drives and files have not been preserved or have been destroyed. *See Tate*, 2024 WL 4931406, at *4; *Akkawi*, 2023 WL 6541869, at *1. It is unknown whether Hales or Bracikowski still have the Tri Tool hard drives and files, and Plaintiff has not taken sufficient steps to make this determination. As of the filing of its sanctions motion, Plaintiff confirmed at the hearing that only the following discovery had been sought from Hales and Bracikowski: (1) requests for admissions served on Hales in December 2022; (2) demands for inspection of tangible things served on Hales and Bracikowski in

///

February 2024;[4] and (3) a document subpoena on prior counsel for Hales and Bracikowski in February 2024. Plaintiff did not use other discovery tools to determine whether the hard drives and files have been preserved or destroyed, including serving interrogatories, deposing either individual, or filing a motion to compel responses, though Plaintiff has filed multiple motions to compel against Defendant Enerpac. (*See* ECF Nos. 26, 69.) It is also unclear why Plaintiff did not attempt to obtain the hard drives and files from Hales or Bracikowski until February 2024, over thirteen months after it served discovery on Hales in December 2022.

In addition, Plaintiff has also not carried its burden of establishing that Defendant Enerpac ever had possession, custody, or control of the stolen Tri Tool hard drives and files, let alone failed to preserve the hard drives and files. Instead, Plaintiff argues that Defendant Enerpac had control over the stolen Tri Tool hard drives and files because Hales and Bracikowski possessed the stolen equipment and files, and they were Enerpac employees when the lawsuit was filed. This argument fails. As confirmed at the hearing, Plaintiff concedes that the alleged theft and file copying by Hales and Bracikowski occurred while they were Tri Tool employees. There is no evidence that Hales and Bracikowski took the Tri Tool hard drives and files at Enerpac's direction. Even if Plaintiff had established that the Tri Tool hard drives and files were not preserved or destroyed by Hales or Bracikowski, which it has not, there is no evidence that such spoliation occurred at Enerpac's direction. Plaintiff has not carried its burden. *See Gemsa Enters., LLC v. Specialty Foods of Alabama, Inc.*, 2015 WL 12746220, at *9-10 (C.D. Cal. Feb. 10, 2015) (denying spoliation sanctions sought against employer of individual who spoliated where the movant did not carry its burden to show that employee acted at the direction of the employer). The Court further notes that Hales and Bracikowski were Enerpac employees for less than five months. And even during this limited employment period, Plaintiff fails to establish that Enerpac had legal control, i.e.,

---

[4] At the hearing, Plaintiff's counsel stated that it renewed this request in November 2024.

the legal right to obtain from Hales and Bracikowski the Tri Tool hard drives and files they allegedly stole while they were Tri Tool employees. *See In re Citric Acid Litig.*, 191 F.3d 1090, 1107-08 (9th Cir. 1999). Tri Tool is the party with the legal right to obtain its stolen hard drives and files.

There is no dispute that Enerpac had a duty to seek responsive documents and to preserve such documents over which it had possession, custody, or control. The Tri Tool files that Enerpac did have possession, custody, or control of were those files located on Enerpac email servers, which Enerpac identified, preserved, and disclosed to Tri Tool.[5] Because the Court finds that Plaintiff has not met its burden on its motion for sanctions, the Court need not reach the parties' other arguments.

The main problem here is that Plaintiff has brought its sanctions motion against the wrong defendant. Though Plaintiff served discovery requests on Hales and Bracikowski to obtain the hard drives and copied files, and both individuals failed to respond to the discovery requests, Plaintiff inexplicably has not moved to compel Hales and Bracikowski to respond or moved for sanctions against Hales and Bracikowski.

### C. Rule 37 Expenses

Both parties have requested reimbursement for their attorney's fees and costs pursuant to Rule 37. *See* Fed. R. Civ. P. 37(a)(5)(C). The Court finds that awarding fees and costs are not appropriate here.

### III. CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's motion for sanctions (ECF No. 55) without prejudice. Plaintiff is not without recourse. Plaintiff can take several steps to determine whether Hales and Bracikowski have destroyed or failed to preserve the Tri Tool hard drives and files. Plaintiff can also move to compel Hales and Bracikowski to respond to its discovery requests, or move for sanctions against Hales and Bracikowski. Should Plaintiff uncover new information or evidence that would

---

[5] The Court makes no finding as to whether Plaintiff declined Enerpac's offer to provide the Tri Tool documents found in Hales's and Bracikowski's Enerpac emails.

support finding Enerpac spoliated, Plaintiff can also renew its motion for sanctions.

Dated: January 30, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE