UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI TOOL, INC., | Case No. 2:22-cv-01515-DAD-CSK |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEFENDANTS HALES AND BRACIKOWSKI |
| THAD HALES, et al., | |
| Defendants. | (ECF Nos. 81, 82) |

Plaintiff Tri Tool, Inc. moves to compel Defendants Thad Hales and Mike Bracikowski to respond to Tri Tool's requests for inspection and for reasonable expenses, including attorney's fees, pursuant to Federal Rule of Civil Procedure 37(a).[1] (ECF Nos. 81, 82.) Defendants Hales and Bracikowski did not respond to Tri Tool's motion, and as a result, the hearing was vacated and the motions to compel were submitted on the briefing. *See* Docket; 3/19/2025 Minute Order (ECF No. 86).

I.  **BACKGROUND**

Plaintiff Tri Tool alleges that two of its former manager employees, Defendants Hales and Bracikowski, stole its trade secrets while they were Tri Tool employees and then in May 2022, left Tri Tool and went to work for Defendant Enerpac Tool Group

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(1).

Corp. While Hales was a Tri Tool employee, he allegedly stole a hard drive from a Tri Tool computer, copied Tri Tool files onto a different external hard drive, and took this external drive. Also while Bracikowski was a Tri Tool employee, he allegedly copied Tri Tool files onto multiple external hard drives and took these external drives. Plaintiff further alleges that Hales and Bracikowski used this stolen information to benefit Enerpac and harm Plaintiff, and that Enerpac is benefitting from Plaintiff's trade secrets. After this action was filed, Defendant Enerpac terminated Hales and Bracikowski.

The First Amended Complaint is the operative complaint and raises the following claims: (1) misappropriation of trade secrets under the Defend Trade Secrets Act against Defendants Enerpac, Hales, and Bracikowski; (2) intentional interference with prospective economic relations against Defendants Hales and Bracikowski; (3) breach of contract against Defendants Hales and Bracikowski; (4) breach of the duty of loyalty against Defendants Hales and Bracikowski; and (5) unfair competition under California Business and Professions Code §§ 17200, et seq. against Defendants Hales and Bracikowski.[2] (ECF Nos. 29, 85.)

On November 25, 2024, Tri Tool served its second set of demands for inspection of tangible things on Defendants Hales and Bracikowski, who did not respond. Pl. Mot. Compel Hales, Dylan Wiseman Decl., ¶¶ 3-4 & Exh. 1 (ECF No. 81-2); Pl. Mot. Compel Bracikowski, Dylan Wiseman Decl., ¶¶ 3-4 & Exh. 1 (ECF No. 82-2). Defendants Hales and Bracikowski did not respond to the inspection demands. Pl. Mot. Compel Hales, Wiseman Decl., ¶ 5; Pl. Mot. Compel Bracikowski, Wiseman Decl., ¶ 5. On March 3, 2025, Tri Tool filed the instant motions to compel Defendants Hales and Bracikowski to respond to Tri Tool's inspection demands. Any opposition or statement of non-opposition was due March 17, 2025. *See* E.D. Cal. L.R. 230(c). Defendants Hales and Bracikowski did not respond to the motion to compel, and as a result, the hearing was vacated and

---

[2] On March 11, 2025, the district court granted Defendant Enerpac's partial motion to dismiss Plaintiff's intentional interference with prospective economic relations claim and unfair competition claim against Enerpac without leave to amend. (ECF No. 85.) Enerpac filed its answer to the FAC on April 1, 2025. (ECF No. 88.)

the motions to compel were submitted on the briefing.

## II. DISCUSSION

### A. Legal Standards

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

A party may serve requests to inspect, copy, test, or sample the following in the responding party's possession, custody, or control: "(A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form" or "(B) any designated tangible things." Fed. R. Civ. P. 34(a)(1)(A)-(B). A requesting party is entitled to inspect items within a responding party's possession, custody, or control, regardless of whether the requesting party possesses the same documents. Fed. R. Civ. P. 34(a). The responding party must respond in writing within thirty (30) days, unless otherwise agreed upon or ordered, after being served. Fed. R. Civ. P. 34(b)(2). If a responding party objects, the objection "must state whether any responsive materials are being withheld on the basis of that objection[, and] an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

A party may move to compel discovery if the movant has in good faith conferred with the party opposing discovery to obtain the requested discovery without the court's intervention. *See* Fed. R. Civ. P. 37(a)(1). The moving party bears the burden to "inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious." *Adams v. Yates*, 2013 WL 5924983, at *1 (E.D. Cal. Nov. 1, 2013). Local Rule 251 governs motions to compel and requires the parties

to confer and attempt to resolve their discovery differences. If there has been "a complete and total failure to respond to a discovery request or order," the moving party may bring its motion on fourteen (14) days' notice and the requirement for a Joint Statement re Discovery Disagreement is excused. E.D. Cal. L.R. 251(e).

If a court grants the motion to compel, then the court must order the party "whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not award expenses if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; "the opposing party's nondisclosure, response, or objection was substantially justified"; or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The burden is on the losing party to prove that its position was substantially justified. *See R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012).

**B.     Analysis**

"The discovery process in theory should be cooperative and largely unsupervised by the district court. But when required disclosures aren't made or cooperation breaks down, Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosures or discovery." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). Here, Defendants Hales and Bracikowski have completely failed to uphold their discovery obligations and participate in discovery.

Plaintiff Tri Tool's requests for inspection (set two) were served on November 25, 2024, making Defendants' responses due on or by December 26, 2024. *See* Pl. Mot. Compel Hales, Wiseman Decl., ¶¶ 3-4 & Exh. 1; Pl. Mot. Compel Bracikowski, Wiseman Decl., ¶¶ 3-4 & Exh. 1; Fed. R. Civ. P. 34(b)(2)(A). As of the filing of the motions to compel, Defendants Hales and Bracikowski had not responded to the inspection requests. Pl. Mot. Compel Hales, Wiseman Decl., ¶ 5; Pl. Mot. Compel Bracikowski, Wiseman Decl., ¶ 5.

///

Within fourteen (14) days of this order, the Court orders Defendants Hales and Bracikowski to fully respond to Plaintiff's requests for inspection (set two) without objection and to produce for inspection the items requested without objection. Due to Defendants Hales's and Bracikowski's complete failure to respond to Plaintiff's requests for inspection and to oppose Plaintiff's motions to compel, Defendants have waived any objection to Plaintiff's inspection requests. *See In re PersonalWeb Techs., LLC et al. Pat. Litig.*, 2022 WL 16556793, at *1 (N.D. Cal. Oct. 31, 2022); *Bell v. Jones*, 2021 WL 843242, at *2 (E.D. Cal. Mar. 5, 2021). In addition, pursuant to Local Rule 230(c), Defendants Hales's and Bracikowski's failure to timely file an opposition to the motion to compel is construed as a non-opposition to the motion to compel. *See* L.R. 230(c). The Court further notes that Tri Tool served its motion to compel on Defendants Hales and Bracikowski electronically by e-mail and in hard copy by mail. *See* Pl. Mot. Compel Hales, Proof of Service (ECF No. 81-3); Pl. Mot. Compel Bracikowski, Proof of Service (ECF No. 82-3).

Defendants Hales and Bracikowski are reminded of their duty to participate in this case, comply with court orders, and participate in discovery. If Defendants Hales and Bracikowski fail to participate in this case, comply with further court orders, or participate in discovery, Defendants Hales and Bracikowski may face serious sanctions, including the issuance of a default judgment against them. *See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1095 (9th Cir. 2007) (affirming district court's imposition of terminating sanction for discovery violations).

If a party fails to obey a discovery order, the court "may issue further just orders," including:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

5

(iii)   striking pleadings in whole or in part;

(iv)   staying further proceedings until the order is obeyed;

(v)    dismissing the action or proceeding in whole or in part;

(vi)   rendering a default judgment against the disobedient party; or

(vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A); *see Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). The choice of sanction is within the discretion of the court. *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992) (citations omitted); *see also* E.D. Cal. L.R. 110 (noting the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court").

### C.    Rule 37 Expenses

If a court grants a motion to compel, it also must award the moving party its reasonable expenses in making the motion, including attorneys' fees unless:  the moving party did not make a good faith attempt to obtain the disclosure before making the motion; the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). "The test for substantial justification is one of reasonableness." *Cathey v. City of Vallejo*, 2015 WL 5734858, at *8 (E.D. Cal. Sept. 29, 2015) (internal quotations omitted) (quoting *United States v. First Nat. Bank of Circle*, 732 F.2d 1444, 1447 (9th Cir. 1984)).

Here, awarding reasonable expenses to Tri Tool is mandatory as none of the exceptions have been established and there is no justification, let alone substantial justification for Defendants Hales's and Bracikowski's failure to participate in discovery. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Defendants Hales and Bracikowski were provided with the opportunity to respond to Tri Tool's motion to compel, which included its request

for reasonable expenses, and both defendants failed to respond. *See* Docket.

District courts have broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). The Ninth Circuit utilizes the "lodestar" method for assessing reasonable attorney's fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the "lodestar" method, the number of hours reasonably expended is multiplied by a reasonable hourly rate. *Id*. Reasonable hourly rates are determined by the "prevailing market rates in the relevant community." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) (citation omitted). "[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). Generally, "the relevant community is the forum in which the district court sits." *Id.* (quoting *Barjon*, 132 F.3d at 500). Here, the relevant community is Sacramento, California, which is where this district court is located.

Plaintiff has not provided sufficient information for the Court to determine the amount of reasonable expenses. The Court therefore orders Plaintiff to file and submit its reasonable expenses in making the motions to compel, including attorney's fees, within fourteen (14) days of this order. Plaintiff must include sufficient detail, including the number of hours spent in making the motions, the description of the work completed, counsel's hourly rates, counsel's experience, and the prevailing market rate in Sacramento for attorneys of comparable experience.

Defendants Hales and Bracikowski will be provided with the opportunity to respond to Plaintiff's submission and to be heard regarding the award of reasonable expenses under Rule 37(a)(5). Defendants may file a response within seven (7) days after the filing of Plaintiff's submission. A failure to timely respond by Defendants will be construed as a non-opposition to the award of reasonable expenses under Rule 37(a)(5).

A separate order on Plaintiff's Rule 37 reasonable expenses will issue after additional information is submitted to the Court for its review.

### III. CONCLUSION

For the reasons stated above, the Court:

1. GRANTS Plaintiff Tri Tool's motions to compel Defendants Thad Hales and Mike Bracikowski to respond to Tri Tool's requests for inspection (ECF Nos. 81, 82);

2. Within fourteen (14) days of this order, Defendants Hales and Bracikowski shall fully respond to Plaintiff's requests for inspection (set two) without objection and produce for inspection the items requested without objection;

3. Within fourteen (14) days of this order, Plaintiff shall file and submit its reasonable expenses in making the motions to compel, including attorney's fees; and

4. Within seven (7) days after the filing of Plaintiff's submission of its reasonable expenses, Defendants Hales and Bracikowski may file a response regarding the award of reasonable expenses under Rule 37(a)(5).

Dated: April 15, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE