1

2

3

4

5

6

7

8
                    UNITED STATES DISTRICT COURT

9
                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TRI TOOL, INC,                         Case No. 2:22-cv-01515-DAD CSK

12              Plaintiff,

13        v.                                 ORDER GRANTING RULE 37 EXPENSES

14    THAD HALES, et al.,                    (ECF Nos. 81, 82, 91, 92)

15              Defendants.

16

17           On April 15, 2025, the Court granted Plaintiff Tri Tool, Inc.'s motion to compel

18    Defendants Thad Hales and Mike Bracikowski to respond to Plaintiff's requests for

19    inspection.[1] 4/15/2025 Order (ECF No. 90.) Because Plaintiff had not provided the Court

20    with sufficient information to determine the amount of expenses in making the motion to

21    which it was entitled pursuant to Federal Rule of Civil Procedure 37(a)(5), the Court

22    ordered Plaintiff to file and submit its reasonable expenses, including attorney's fees.

23    4/15/2025 Order at 8. Plaintiff has now done so. Declaration of Dylan W. Wiseman (ECF

24    No. 91.) Defendants were provided with the opportunity to respond to Plaintiff's

25    reasonable expenses, and only Defendant Bracikowski filed a response. Def.

26    Bracikowski Response (ECF No. 92).

27    _____

28    [1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R.
      Civ. P. 72, and Local Rule 302(c)(1).

                                          1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I.      DISCUSSION[2]

As the Court has previously ordered, under Rule 37, awarding reasonable expenses in making the motion, including attorneys' fees, is mandatory here as none of the exceptions are established. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii); 4/15/2025 Order.

The Ninth Circuit affords district courts broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). While the amount of a fee award is discretionary, the district court must "provide a concise but clear explanation of its reasons for the fee award." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014). The Ninth Circuit utilizes the "lodestar" method for assessing reasonable attorney's fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the "lodestar" method, the number of hours reasonably expended is multiplied by a reasonable hourly rate. *Id*. Reasonable hourly rates are determined by the "prevailing market rates in the relevant community." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (quoting *Barjon*, 132 F.3d at 500). Here, the relevant community is Sacramento, California, which is where this district court is located.

Plaintiff seeks attorney's fees in the amount of $3,179.50[3] for two attorneys who worked a total of 5.6 hours drafting, revising, and analyzing the motion to compel. Wiseman Decl. ¶¶ 5, 7, 8. Though Plaintiff could have sought reimbursement for its reasonable costs, Plaintiff did not and only requested reimbursement for its attorney's

---

[2]   Additional background on Plaintiff's motion to compel is provided in the Court's order. *See* 4/15/2025 Order.

[3]   The Court notes that based on the hours and rates requested, the total attorney's fees should be $3,177.50.

fees. Plaintiff's fees are based on a $840 hourly rate for 1.3 hours by attorney Dylan Wiseman; and a $485 hourly rate for 4.3 hours by attorney Graham Lambert. *Id.* ¶¶ 4-8. Plaintiff requests that Defendants Hales and Bracikowski be jointly and severally liable for the amount. *Id.* ¶ 8.

Defendant Bracikowski filed a response stating that he complied with the Court's order, responded to Plaintiff's motion to compel within fourteen days as ordered, and that he should not be liable for Plaintiff's expenses. Def. Bracikowski Response at 2. This is incorrect. Neither Defendant Bracikowski or Hales responded to Plaintiff's motions to compel, which were filed on March 3, 2025. *See* Docket; Pl. Mots. Compel (ECF Nos. 81, 82); 4/15/2025 Order. The Court granted Plaintiff's motions to compel on April 15, 2025, and in its order, required Plaintiff to submit information regarding its reasonable expenses and provided Defendants with the opportunity to respond to the expense submission. 4/15/2025 Order. Defendant Bracikowski's response is dated April 28, 2025 and was a response to Plaintiff's filing regarding the amount of Plaintiff's expenses (attorney's fees); it was <u>not</u> a response to the underlying motion to compel. *See* Def. Bracikowski Response.

The Court finds that 5.6 hours is a reasonable amount of time to draft the motions to compel. Plaintiff's counsel Dylan Wiseman is a shareholder at the law firm Buchalter and has been a licensed attorney since December 1994. Wiseman Decl. ¶ 1. Plaintiff's counsel Graham G. Lambert is senior counsel at Buchalter and has been a licensed attorney since May 2015. *Id.* ¶ 6. Plaintiff's counsel did not provide any case law supporting why their hourly rates are appropriate, and proffered that Mr. Wiseman is knowledgeable about the rates for the Sacramento legal market. *Id.* ¶ 4. The Court will therefore rely on its own knowledge of customary legal rates in Sacramento, and also survey cases in setting a reasonably hourly rate. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

The Court finds that hourly rate of $485 for Lambert, senior counsel with more than ten (10) years of experience is reasonable and reflects the prevailing market rate in

Sacramento for attorneys of comparable skill, experience, and reputation. *See, e.g., Am. Multi-Cinema, Inc. v. Manteca Lifestyle Ctr., LLC*, 2024 WL 1312209, at *3 (E.D. Cal. Mar. 26, 2024) (awarding $500 per hour for a ninth-year associate); *Gong-Chun v. Aetna Inc.*, 2012 WL 2872788, at *23 (E.D. Cal. July 12, 2012) (awarding between $490 and $695 per hour for senior counsel and partners).

However, the Court finds that the requested hourly rate of $840 per hour for Wiseman, a shareholder with over thirty (30) years of experience, is significantly higher than those typically approved in this district. *See, e.g.*, *Am. Multi-Cinema*, 2024 WL 1312209, at *3 (awarding $700 per hour for partners); *AGK Sierra De Montserrat, L.P. v. Comerica Bank*, 2025 WL 857346, at *15 (E.D. Cal. Mar. 19, 2025) (approving an hourly rate ranging from $625 to $700 per hour for a partner with 36 years of experience).

Having considered the relevant market and rates recently approved in this district, and where Plaintiff did not present legal authority to support its requested $840 hourly rate, the Court reduces Wiseman's rate to $650 per hour. *See Am. Multi-Cinema*, 2024 WL 1312209, at *3; *AGK Sierra De Montserrat, L.P.*, 2025 WL 857346, at *15. Accordingly, the Court concludes attorney's fees in the amount of $2,930.50 is reasonable.

The Court finds Defendants Hales and Bracikowski are jointly and severally liable for the amount owed. *See Trujillo v. Ali*, 2016 WL 6902313, at *8 (E.D. Cal. Nov. 23, 2016) (stating that liability among defendants for attorney's fees is generally joint and several under federal and California state law and citing cases).

Pursuant to Rule 37(a)(5)(A), the Court therefore orders Defendants Hales and Bracikowski to pay Plaintiff's reasonable expenses in the amount of $2,930.50 to Plaintiff within twenty-one (21) days from the date of this order.

## **ORDER**

IT IS HEREBY ORDERED THAT:

1. Plaintiff is awarded its reasonable expenses to bring the motion to compel in the amount of $2,930.50, and Defendants Hales and Bracikowski are jointly

1    and severally liable for the amount owed, which must be paid by Defendants

2    Hales and Bracikowski within twenty-one (21) days of the date of this order;

3    and

4    2.    Defendants shall simultaneously file a notice with the court once payment is

5    made.

6

7    Dated:  June 23, 2025

8
CHI SOO KIM
9    UNITED STATES MAGISTRATE JUDGE

10   5, trit.1515.22

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28