UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI TOOL, INC.,<br><br>           Plaintiff,<br><br>      v.<br><br>THAD HALES, et al.,<br><br>           Defendants. | Case No. 2:22-cv-01515-DAD-CSK<br><br>ORDER DENYING DEFENDANT BRACIKOWSKI'S MOTION FOR RECONSIDERATION<br><br>(ECF Nos. 94, 95) |

Presently before the Court is Defendant Mike Bracikowski's "response" and "declaration" filed in response to the Court's June 23, 2025 Order awarding Plaintiff Tri Tool, Inc. reasonable expenses to bring its motion to compel against Defendants Bracikowski and Thad Hales.[1] (ECF Nos. 94, 95.) Defendant Bracikowski is proceeding in this action pro se. The Court construes these documents as a motion for reconsideration of the Court's June 23, 2025 order. *See* 7/18/2025 Minute Order (ECF No. 96). For the reasons stated below, Defendant Bracikowski's motion for reconsideration is denied.

///

///

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

## I. BACKGROUND

Relevant background as to the pending motion is provided here, and additional background on Plaintiff's motion to compel is provided in the Court's April 15, 2025 order. *See* 4/15/2025 Order (ECF No. 90). On April 15, 2025, the Court issued an order granting Plaintiff's motions to compel as to Defendants Bracikowski and Hales, and ordered Plaintiff to submit to the Court's its reasonable expenses. *See* 4/15/2025 Order. On April 28, 2025, Plaintiff submitted its reasonable expenses (ECF No. 91), and on May 8, 2025, Defendant Bracikowski submitted a response (ECF No. 92). On June 23, 2025, the Court issued an order awarding Plaintiff reasonable expenses to bring its motion to compel in the amount of $2,930.40, holding Defendants Bracikowski and Hales jointly and severally liable for the amount owed. *See* 6/23/2025 Order. On June 30, 2025, Defendant Bracikowski filed a "response" and "declaration" in response to the Court's June 23, 2025 order. (ECF Nos. 94, 95.) The "response" requests the Court reconsider the reasonable expense award, and the "declaration" appears to relate to the case generally. The Court construed these filings as a motion for reconsideration of the June 23, 2025 order, and provided Plaintiff with the opportunity to file a response. 7/18/2025 Minute Order. Plaintiff filed an opposition on August 1, 2025. (ECF No. 97.)

## II. LEGAL STANDARDS

A court may properly reconsider its decision if it (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). The choice to reconsider an order is left to the discretion of the court. *See id.* "A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision." *Brookins v. Hernandez*, 2020 WL 1923211, at *1 (E.D. Cal. Apr. 21, 2020); *see also* E.D. Cal. Local Rule 230(j) (requiring a party seeking reconsideration to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what grounds exist for the motion").

### III. DISCUSSION

Here, Defendant Bracikowski requests the court "reconsider [its] decision regarding awarding [Plaintiff] reasonable expenses to bring the motion to compel severely and jointly with Defendant Thad Hales." Def. Bracikowski Resp. at 2 (ECF No. 94). Bracikowski states he timely submitted documents in response to the motion to compel to the court, but it was returned. *Id.* He also states he should not be held jointly and severally liable with Defendant Hales because Hales has not responded to any matter in the case, and Bracikowski has cooperated with the court and attempted to respond to the motion to compel in a timely manner. *Id.* Bracikowski's "declaration" provides general background about his employment and exit from Tri Tool and Enerpac Tool Group, and subsequent employment history, including that he obtained employment on March 25, 2024 with no indication that he is currently unemployed. Declaration of Mike Bracikowski at 2-4 (ECF No. 95).

First, Defendant Bracikowski presents no new or different facts or circumstances "of a strongly convincing nature" that did not exist when the Court initially addressed Plaintiff's motion to compel and determined the amount of reasonable expenses. *See Brookins*, 2020 WL 1923211 at *1. Bracikowski states he cooperated with the court and attempted to respond to the motion to compel in a timely manner. Def. Bracikowski Response at 2. Bracikowski previously made a similar argument in his response to Plaintiff's filing regarding reasonable expenses (ECF No. 92 at 2), which the Court found to be incorrect (6/23/2025 Order). As the Court previously stated, neither Defendant Bracikowski or Hales responded to Plaintiff's motions to compel, which were filed on March 3, 2025. *See* Docket; Pl. Mots. Compel (ECF Nos. 81, 82); 4/15/2025 Order. The Court granted Plaintiff's motions to compel on April 15, 2025, and in its order, required Plaintiff to submit information regarding its reasonable expenses and provided Defendants with the opportunity to respond to the expense submission. 4/15/2025 Order. Defendant Bracikowski's response to the reasonable expenses was dated April 28, 2025 and was a response to Plaintiff's filing regarding the amount of Plaintiff's

expenses (attorney's fees); it was not a response to the underlying motion to compel. (*See* ECF No. 92.)

Second, Defendant Bracikowski has not met the clear error, manifest injustice, or intervening change in the law standards. *See Smith*, 727 F.3d at 955. Bracikowski argues that he should not be held severely and jointly liable with Defendant Hales because Hales has not responded at all. Def. Bracikowski Response at 2. The Court did not err by finding Defendants Bracikowski and Hales jointly and severally liable for Plaintiff's attorney's fees. *See Trujillo v. Ali*, 2016 WL 6902313, at *8 (E.D. Cal. Nov. 23, 2016); *A.F. by and through M.A.F. J.F. v. Ripon Unified Sch. Dist.*, 2017 WL 1064679, at *4 (E.D. Cal. Mar. 21, 2017). It is also proper for a court to award attorney's fees against one defendant for time spent litigating against another, unless the plaintiff has spent a disproportionate amount of time pursuing a certain defendant. *A.F. v. Ripon Unified Sch. Dist.*, 2017 WL 1064679, at *4. Accordingly, the Court did not err in finding Defendant Bracikowski and Hales jointly and severally liable for Plaintiff's attorney's fees.

Finally, there is no indication that there was an intervening change in the law. Therefore, Plaintiff's motion for reconsideration is denied.

## **ORDER**

Accordingly, the Court ORDERS that:

1. Defendant Bracikowski's motion for reconsideration (ECF No. 94, 95) is DENIED.
2. Defendants Bracikowski and Hales are jointly and severally liable for the $2,930.50 owed, which must be paid by Defendants Bracikowski and Hales within twenty-one (21) days of the date of this order; and
3. Defendants Bracikowski and Hales shall simultaneously file a notice with the Court once payment is made.

Dated: August 25, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, trit.1515.22

4