UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI TOOL, INC., | Case No. 2:22-cv-01515-DAD-CSK |
| Plaintiff, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EX PARTE MOTION TO CONTINUE DISCOVERY DEADLINES |
| THAD HALES, et al., | |
| Defendants. | (ECF No. 104) |

Pending before the Court is Plaintiff Tri Tool, Inc.'s ex parte motion to continue fact and expert discovery, which was filed on September 12, 2025.[1] (ECF No. 104.) Defendant Enerpac filed an opposition on September 14, 2025 (ECF No. 105) and Plaintiff filed a reply on September 15, 2025 (ECF No. 106). Given the timing of the submission of Plaintiff's motion, its filing as an ex parte request, and the September 29, 2025 fact discovery deadline, the Court scheduled an informal discovery teleconference by phone on September 22, 2025. Graham Gordon Lambert appeared as counsel for Plaintiff; Jonathan Schmidt and Sheereen Javadizadeh appeared as counsel for Defendant Enerpac. (ECF No. 112.) Individual Defendants Thad Hales and Mike

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

Bracikowski did not attend, though they were provided with notice of its scheduling.

For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART Plaintiff's ex parte motion.

## I.     BACKGROUND

Plaintiff initiated this action on August 29, 2022. (ECF No. 1.) The operative first amended complaint was filed on November 9, 2023. (ECF No. 29.) The scheduling order was issued in this case on April 3, 2025. (ECF No. 89.) As relevant here, the scheduling order ordered: fact discovery completed no later than September 29, 2025; initial expert disclosures due no later than September 22, 2025; rebuttal expert disclosures due on or before October 6, 2025; all expert discovery completed no later than October 20, 2025; all motions, except motions for continuances, temporary restraining orders, or other emergency applications, filed on or before November 4, 2025; the final pretrial conference set for April 13, 2026; and a jury trial set for June 16, 2026. 4/3/2025 Order at 4-6.

Plaintiff served written discovery on Defendant Enerpac beginning in January 2023. *See* Pl. Mot. at 4 (ECF No. 104). Plaintiff has served three sets of interrogatories on Enerpac: on January 19, 2023, May 30, 2023, and July 28, 2025. *Id.* Plaintiff has served twelve sets of document requests on Enerpac on or around the following dates: (Set 1) March 20, 2023;[2] (Set 2) May 30, 2023; (Set 3) January 3, 2024; (Set 4) January 21, 2025; (Set 5) July 24, 2025, and an amended Set Five served on July 28, 2025; (Set 6) July 25, 2025; (Set 7) July 28, 2025; (Set 8) July 29, 2025; (Set 9) July 31, 2025; (Set 10) August 15, 2025; (Set 11) August 18, 2025; and (Set 12) August 26, 2025. *See id.*; Def. Opp'n at 2-3 (ECF No. 105).

Defendant Enerpac states it sent verified responses and documents to the discovery requests served up until January 12, 2025. Def. Opp'n at 2. Enerpac states it

---

[2] Defendant Enerpac's opposition to Plaintiff's motion states that documents requests were served on March 23, 2023 (not March 20, 2023) and January 12, 2025 (not January 21, 2025). Def. Opp'n at 2-3.

requested a single extension to respond to the discovery served beginning on July 24, 2025, but Plaintiff declined the request. *Id.* at 3. Defendant states Plaintiff did not notice any depositions until July 29, 2025. *Id.* At the time of the September 22, 2025 conference, Defendant represented that it has supplemented certain responses, verified interrogatory responses, offered witnesses for deposition, completed ten (10) depositions in a little over one month with three (3) more depositions scheduled this week, and produced over 2,000 pages of documents. *See id.*

Plaintiff states there are pending discovery issues between the parties and that the parties are discussing mediation. *See* Pl. Mot. at 4-5.

On September 12, 2025, Plaintiff filed an ex parte motion to continue fact and expert discovery deadlines by forty-five (45) days. *See* Pl. Mot. Defendant Enerpac filed an opposition on September 14, 2025 (ECF No. 105), and Plaintiff filed a reply on September 15, 2025 (ECF No. 106).

**II.    LEGAL STANDARDS**

"The district court is given broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 607).

**III.    DISCUSSION**

Discovery in this case has been open and ongoing for over two years. Plaintiff filed its ex parte motion to continue the fact and expert discovery deadlines by forty-five (45) days, two weeks before the fact discovery deadline. Pl. Mot. (ECF No. 107.) After hearing from the parties, the Court finds Plaintiff has shown good cause to continue fact and expert discovery on a limited basis, and the Court grants Plaintiff's motion in part.

As to fact discovery, the scheduling order states that all fact discovery "shall be

completed" no later than September 29, 2025. 4/3/2025 Order at 4 (ECF No. 89). The scheduling order defines "completed" to mean that "all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed." *Id.* at 4 n.2. As a result, Plaintiff's request to continue fact discovery is granted in part. The Court will extend the deadline for fact discovery in part for thirty (30) days, from September 29, 2025 to October 29, 2025, **limited to written discovery served through July 31, 2025 and completing the depositions of fact witness Mike Stratton and the Rule 30(b)(6) deposition of Enerpac as limited below**. As to written discovery, this includes up to Plaintiff's Request for Production (RFP) Set 9. Though Plaintiff should have filed its request to continue the discovery deadlines earlier and it's a close call as to whether Plaintiff was diligent, there is good cause to extend the deadline as to the written discovery served through July 31, 2025 because the requests comply with the "completed" requirement outlined in the scheduling order.

  Plaintiff has not, however, demonstrated good cause and diligence for its discovery requests served after July 31, 2025, given the "completion" requirement and the two-plus year discovery period. **Therefore, the fact discovery deadline for written discovery served after July 31, 2025 will not be continued**, which includes Plaintiff's RFP Set Numbers 10, 11, and 12. This also means that discovery disputes as to Plaintiff's RFP Set Numbers 10, 11, and 12 will not be entertained as raising any such disputes for a September 29, 2025 fact discovery completion deadline are untimely.[3]

  As to depositions, the parties informed the Court at the teleconference that the following fact depositions are outstanding:  three fact depositions scheduled to be taken

---

[3] The Court already denied Plaintiff's motion to compel filed on September 15, 2025 for failure to follow Local Rule 251. (ECF Nos. 11, 107.) The Court notes that even if Plaintiff had followed Local Rule 251 when it filed its motion on September 15, 2025, without an extension of the fact discovery deadline, its motion would have been denied as untimely as to any issues related to RFP Set Numbers 10, 11, and 12 for a September 29, 2025 fact discovery completion deadline.

4

this week, which does not require extending the discovery deadline; the rescheduled deposition of one fact witness, Mike Stratton; and the Federal Rule of Civil Procedure 30(b)(6) deposition of Enerpac.

On July 31, 2025, Plaintiff served a Rule 30(b)(6) deposition notice of Enerpac. The parties confirmed at the teleconference that the Rule 30(b)(6) notice was served without meeting and conferring. *See* Fed. R. Civ. P. 30(b)(6) advisory committee's note to 2015 amendment. Plaintiff served an amended 30(b)(6) deposition notice on August 27, 2025, and a second amended notice on August 28, 2025. While Plaintiff's original 30(b)(6) deposition notice was timely, though cutting it close under the definition of "completed," Plaintiff's subsequent amendments on August 27, 2025 and August 28, 2025, are not timely and Plaintiff fails to establish good cause or diligence. The Court therefore finds there is good cause to extend the fact discovery deadline to permit the completion of the Rule 30(b)(6) deposition of Enerpac **limited to the original deposition notice served on July 31, 2025**. The parties are ordered to complete their meet and confer as to the requested topics as required by Rule 30(b)(6). The Court is not ruling on which topics identified in the July 31, 2025 notice are proper as that issue is not before the Court, and regardless, the parties have not completed their meet and confer.

As to expert discovery, the scheduling order states that all expert discovery "shall be completed" no later than October 20, 2025. 4/3/2025 Order at 4. The parties confirmed at the teleconference that they were planning to exchange initial expert disclosures pursuant to the September 22, 2025 deadline. Based on the limited extension of the fact discovery deadline above, there is good cause for the Court to extend the rebuttal expert disclosure deadline from October 6, 2025 to October 13, 2025; the completion of expert discovery thirty (30) days, from October 20, 2025 to November 19, 2025; the deadline to file motions from November 4, 2025 to January 5,

2026;[4] the Final Pretrial Conference from April 13, 2026 to June 22, 2026 at 1:30 p.m. before District Court Judge Dale A. Drozd by Zoom; and the jury trial from June 16, 2026 to August 25, 2026 at 9:00 a.m. in Courtroom 4 before Judge Drozd. The other requirements within the April 3, 2025 scheduling order remain in place (e.g., definition of "completed," motion filing requirements, Final Pretrial Conference, etc.).

## IV. SCHEDULE SUMMARY

The updated deadlines are outlined in the chart below:

| Event | Current Deadline | New Deadline |
|---|---|---|
| Fact Discovery Completion | September 29, 2025 | October 29, 2025* <br> *limited as identified above* |
| Expert Discovery Disclosures Due By | September 22, 2025 | Unchanged |
| Rebuttal Expert Disclosures Due By | October 6, 2025 | October 13, 2025 |
| Expert Discovery Completion | October 20, 2025 | November 19, 2025 |
| Motion Filing Deadline | November 4, 2025 | January 5, 2026 |
| Final Pretrial Conference | April 13, 2026 at 1:30 p.m. | June 22, 2026 at 1:30 p.m. |
| Jury Trial (3-10 court days) | June 16, 2026 at 9:00 a.m. | August 25, 2026 at 9:00 a.m. |

## V. CONCLUSION

In conclusion, IT IS HEREBY ORDERED that Plaintiff's ex parte motion to continue fact and expert discovery (ECF No. 104) is GRANTED IN PART and DENIED IN PART.

Dated:  September 23, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, trit.1515.22

---

[4]  The Court consulted with District Judge Dale A. Drozd to obtain new dates for the motion filing deadline, the final pretrial conference, and trial.